**James Andrew COLEMAN, Plaintiff**

v.

**GETTYSBURG COLLEGE and Katherine Will, Defendants**

**No. CIV.A. 1:04–CV–1947.**

United States District Court, M.D. Pennsylvania.

Sept. 3, 2004.

James Andrew Coleman, Harrisburg, PA, pro se.

## MEMORANDUM

CONNER, District Judge.

Offense to the few is the repercussion of freedom for all. Gettysburg College, a

private institution located in an area of the country best known for a three-day battle during the Civil War, plans to display an exhibit featuring the flag of the Confederacy. The exhibition opens later today. Two days ago, James Andrew Coleman commenced a civil action seeking to enjoin the display.[1] He claims that he and the community will be irreparably harmed by presentation of this racially charged symbol. The complaint will be dismissed.[2]

█ The complaint seeks, in addition to injunctive relief, compensatory damages in excess of five million dollars and punitive damages in excess of ten million dollars. How these sums were generated is undisclosed. Whatever their basis, however, they are clearly unreasonable. The exhibit at issue has not yet appeared, and Mr. Coleman could not have suffered any compensable injuries at this time. And, since Gettysburg College has not yet presented the exhibit, there is no basis for the imposition of punitive fines against the institution. These demands lack any arguable basis in law or fact and must be viewed as legally frivolous.

█ Similarly lacking are the substantive grounds for Mr. Coleman's claims. He cites various constitutional and statutory civil rights provisions in support of relief. But a cursory review of the complaint discloses that the events at issue do not implicate "state action," a prerequisite to federal civil rights actions. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–58, 119 S.Ct. 977, 143 L.Ed.2d 130

(1999). Gettysburg College is a private institution. *See Brownley v. Gettysburg Coll.*, 338 F.Supp. 725 (M.D.Pa.1972), *cited in Braden v. Univ. of Pittsburgh*, 552 F.2d 948, 964 n. 79 (3d Cir.1977) (collecting cases). No government actor was apparently involved in the creation or presentation of the exhibit, and no other state action is asserted or apparent. The complaint targets a private entity for alleged violations of constitutional provisions. Federal law provides no relief in such circumstances. *See Am. Mfrs.*, 526 U.S. at 49–58, 119 S.Ct. 977.

█ More importantly, the complaint reveals a fundamental misapprehension of the right to freedom of speech. Open and free debate is the cornerstone of American society.[3] *See Cohen v. California*, 403 U.S. 15, 24, 91 S.Ct. 1780, 29 L.Ed.2d 284 (1971). The First Amendment embodies and protects this interest by preventing government—whether in the guise of the executive, the legislature, or the courts—from intruding on individuals' rights of free expression absent a compelling justification. *N.Y. Times Co. v. Sullivan*, 376 U.S. 254, 265, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964); *Shelley v. Kraemer*, 334 U.S. 1, 13, 68 S.Ct. 836, 92 L.Ed. 1161 (1948). Mere offense or injury to sensibilities is insufficient. *Texas v. Johnson*, 491 U.S. 397, 408–09, 109 S.Ct. 2533, 105 L.Ed.2d 342 (1989); *Cohen*, 403 U.S. at 24–25, 91 S.Ct. 1780. Only when the expression carries an immediate and palpable risk of cognizable harm can government intercede. *NAACP*

1. A conference among the parties and the court was held today. These discussions revealed that the complaint incorrectly identifies Katherine Will, President of Gettysburg College, as "Katherine Wills." The clerk of court is directed to amend the docket to reflect the proper spelling of Ms. Will's name.

2. The court will grant Mr. Coleman's motion to proceed *in forma pauperis* and exercise the screening mechanism of 28 U.S.C.

§ 1915(e)(2) (providing that, after granting a motion to proceed without prepayment of costs, "the court shall dismiss the case at any time if the court determines that ... the action or appeal ... is frivolous or malicious [or] ... fails to state a claim on which relief may be granted").

3. *See generally* Rodney A. Smolla, Free Speech in an Open Society (1992).

*v. Claiborne Hardware Co.,* 458 U.S. 886, 927–28, 102 S.Ct. 3409, 73 L.Ed.2d 1215 (1982); *Gooding v. Wilson,* 405 U.S. 518, 524, 92 S.Ct. 1103, 31 L.Ed.2d 408 (1972); *Schenck v. United States,* 249 U.S. 47, 52, 39 S.Ct. 247, 63 L.Ed. 470 (1919) (Holmes, J.).

▮ No such risk exists here. The expression at issue is an art exhibit, and the sole objection is that the symbols of the display will cause offense. The exhibition deals with a controversial subject but will not and could not cause such immediate harm as to permit court intervention. It may, as the complaint alleges, "glorif[y]" the symbols and views of the Confederacy that Mr. Coleman and others loathe.[4] *See Cantwell v. Connecticut,* 310 U.S. 296, 302, 310–11 & n. 10, 60 S.Ct. 900, 84 L.Ed. 1213 (1940) (citing *Schenck,* 249 U.S. 47, 39 S.Ct. 247). It may engender anger and fear among African–American residents.[5] *See Virginia v. Black,* 538 U.S. 343, 365–66, 123 S.Ct. 1536, 155 L.Ed.2d 535 (2003); *see also R.A.V. v. St. Paul,* 505 U.S. 377, 402 & n. 4, 112 S.Ct. 2538, 120 L.Ed.2d 305 (1992) (White, J., concurring in judgment). It may "invite hate groups . . . to come to the area and protest." *See Gregory v. Chicago,* 394 U.S. 111, 120, 89 S.Ct. 946, 22 L.Ed.2d 134 (1969). It may even "advocate the overthrow of the United States government." *See Brandenburg v. Ohio,* 395 U.S. 444, 448, 89 S.Ct. 1827, 23 L.Ed.2d 430 (1969) (per curiam). It may do all of these things without inviting or allowing regulation by government. *Sullivan,* 376 U.S. at 265, 84 S.Ct. 710. Only if speech would potentially cause immediate and cognizable harm to an individual or a particular group may the court act. *N.Y. Times Co. v. United States,* 403 U.S. 713, 714, 91 S.Ct. 2140, 29 L.Ed.2d 822 (1971) (per curiam); *Brandenburg,* 395 U.S. at 448, 89 S.Ct. 1827. The exhibition at issue admittedly would cause no greater immediate injury than personal offense, and enjoining the expression would clearly violate the Constitution. *See Black,* 538 U.S. at 362–66, 123 S.Ct. 1536.

▮ Indeed, the "high purpose" of the First Amendment is to protect speech that some may find objectionable. *Johnson,* 491 U.S. at 408–09, 109 S.Ct. 2533 ("[Free speech may] best serve its high purpose when it induces a condition of unrest, creates dissatisfaction with conditions as they are, or even stirs people to anger.") (quoting *Terminiello v. Chicago,* 337 U.S. 1, 4, 69 S.Ct. 894, 93 L.Ed. 1131 (1949)). An effective symbol is one that evokes an emotional response, positive or negative. *Id.* Without the right to engage in speech that potentially offends, one is without the right to engage in speech that fundamentally advocates. *Id.; see also Cohen,* 403 U.S. at 24–25, 91 S.Ct. 1780; *Bair v. Shippensburg Univ.,* 280 F.Supp.2d 357, 370–71 (M.D.Pa.2003). The Constitution precludes government from imposing limitations on expression based on viewpoint when the only injury alleged is personal affront. *See R.A.V.,* 505 U.S. at 390–91, 112 S.Ct. 2538; *Johnson,* 491 U.S. at 408–09, 109 S.Ct. 2533; *Cohen,* 403 U.S. at 24–25, 91 S.Ct. 1780. The court is simply without constitutional authority to order

---

4. Newspaper accounts indicate that, rather than glorifying Confederate symbols, the exhibit may be perceived as a denunciation of the battle flag of the Confederacy. *E.g.,* Paula Reed Ward, *Confederate Heritage Group Says Art Show Desecrates Flag,* Pittsburgh Post-Gazette, Sept. 2, 2004, at A1. Nevertheless, the court will accept the allegations of the complaint as true for these purposes. *See*

*Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 514, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Grayson v. Mayview State Hosp.,* 293 F.3d 103, 108 (3d Cir.2002).

5. *Cf.* Samuel Walker, In Defense of American Liberties 323–31 (1990) (discussing march of neo-Nazis in Skokie, Illinois).

the relief requested in this case. *See Sullivan*, 376 U.S. at 265, 84 S.Ct. 710.

But Mr. Coleman is not without remedies. He is free to protest the exhibit through picketing or speeches. He is free to publish leaflets and editorials on the subject. He is free to present his own counter-exhibit at another location. Any of these acts would likely be protected by the First Amendment, even if they shock and anger Gettysburg College or other members of the community. Offense to the few is the repercussion of freedom for all.

### ORDER

AND NOW, this 3rd day of September, 2004, upon consideration of plaintiff's complaint (Doc. 1) and application to proceed *in forma pauperis* (Doc. 2), and for the reasons stated in the accompanying memorandum, it is hereby ORDERED that:

1. The application to proceed *in forma pauperis* (Doc. 2) is construed as a motion to proceed without full prepayment of fees and costs and is GRANTED. *See* 28 U.S.C. § 1915(a).

2. The complaint (Doc. 1) is DISMISSED for failure to state a claim and as legally frivolous. *See* 28 U.S.C. § 1915(e)(2).

3. Leave to amend is DENIED based on futility and bad faith. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir.2002).

4. Any appeal from this order is DEEMED frivolous and not in good faith. *See* 28 U.S.C. s 1915(a)(3).

5. The Clerk of Court is directed to CLOSE the above-captioned case.